Filed 1/28/16  P. v. Thompson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CHRISTIAN SEAN THOMPSON, <br><br> Defendant and Appellant. | D068458 <br><br> (Super. Ct. No. SCN329220) |


APPEAL from an order of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.

Law Office of Russell S. Babcock and Russell S. Babcock for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Christian Sean Thompson lost legal and physical custody of his son Ronald in 2013 or early 2014.  John Griffith, a family law attorney, represented Ronald's mother during that time.  In February and March of 2014, Thompson directed threatening e-mails

to Griffith and voicemails to Griffith's office. These included threats to kill Griffith and referenced Griffith's family.

The prosecution charged Thompson with three counts of criminal threats and two counts of stalking. At the preliminary hearing in February 2015, the court bound Thompson over on all counts after denying defense motions to dismiss the threat counts for lack of imminence, the stalking counts for lack of continuous harassment, and to reduce the offenses to misdemeanors.

In March 2015, Thompson requested removal of his public defender. The court relieved the public defender and appointed the alternate public defender (APD). In April 2015, Thompson sought to have the APD relieved, which the court denied. The court then permitted Thompson to proceed in pro per. A week later, the court granted re-appointment of the APD at Thompson's request.

In May 2015, Thompson pleaded guilty to two counts of stalking based on the facts adduced at the preliminary hearing. In exchange, the District Attorney dismissed the three counts of criminal threats and would submit on a grant of probation to Thompson with credit for time served. The District Attorney also agreed to dismiss two open misdemeanor cases, numbers C327718 and C330867DV. The court granted Thompson a three-year term of probation, credit-for-time-served of 908 days (454 actual plus 454 credited), and ordered that he have no contact with the victims for the duration of probation. The court ordered fines that were deemed satisfied by his credit. Thompson appeals from the order granting formal probation.

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below.  He presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  Counsel advised Thompson of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  We also granted Thompson permission to file a brief on his own behalf.  More than 30 days elapsed, and we received no communication from Thompson.

We have now concluded our independent review of the record and find no arguable issues.  Competent counsel has represented Thompson on this appeal.

DISPOSITION

The order is affirmed.

McINTYRE, J.

WE CONCUR:


McCONNELL, P. J.


HALLER, J.

3